UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAUL J. BURNETTE,<br><br>    Plaintiff,<br><br>    v.<br><br>KIMBERLY MERRIFIELD, et al.,<br><br>    Defendants. | No. 2:19-cv-2283 DB P<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS |

Plaintiff is confined at Napa State Hospital pursuant to a determination of incompetency under California Penal Code § 1370. Plaintiff, acting in pro per, has filed an action in this court under 42 U.S.C. § 1983. Upon screening, and for the reasons set forth below, this court finds plaintiff fails to state claims cognizable under § 1983 and recommends this action be dismissed.

## SCREENING

**I.    Legal Standards**

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1) & (2).

1

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Franklin, 745 F.2d at 1227. Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).

However, in order to survive dismissal for failure to state a claim a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Bell Atlantic, 550 U.S. at 555. In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

The Civil Rights Act under which this action was filed provides as follows:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. The statute requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See Monell v. Dept. of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

**II.     Analysis**

**A.     Allegations of the Complaint**

Plaintiff identifies two defendants: Kimberly Merrifield, who plaintiff identifies as a "judicial officer and magistrate" but who is, in fact, a superior court judge on the Butte County Superior Court and Brennen Blake, a public defender. (ECF No. 1 at 2.) As best this court can discern, plaintiff appears to be complaining that the following occurred during his April and May 2019 appearances in Butte County Superior Court: (1) Judge Merrifield refused to rule on plaintiff's motion to dismiss; (2) Judge Merrifield ordered two sheriff's deputies to drag plaintiff from the courtroom by chains; and (3) attorney Blake violated plaintiff's right to represent himself and retaliated against him when Blake assisted the court in denying plaintiff his right to a speedy trial. Plaintiff states that he seeks, among other things, dismissal of the charges against him, return of his property, and damages.

**B. Does Plaintiff State Cognizable Claims for Relief under § 1983?**

For at least two reasons, plaintiff's complaint should be dismissed for failure to state a claim cognizable under section 1983. First, section 1983 is not the proper vehicle for plaintiff's claims. To the extent plaintiff is challenging his commitment to the Napa State Hospital, he must raise these issues in a petition for a writ of habeas corpus under 28 U.S.C. § 2254. A habeas corpus petition is the exclusive method for plaintiff to challenge a civil commitment determination. See Duncan v. Walker, 533 U.S. 167, 176 (2001) (federal habeas corpus review may be available to challenge the legality of a state court order of civil commitment or a state court order of civil contempt); Huftile v. Miccio-Fonseca, 410 F.3d 1136, 1139-40 (9th Cir. 2005) ("[D]etainees under an involuntary civil commitment scheme ... may use a § 2254 habeas petition to challenge a term of confinement."); Swinger v. Harris, No. CV 16-05694-JVS (DFM), 2016 WL 4374941, at *2 (C.D. Cal. Aug. 12, 2016) (finding plaintiff's sole remedy for invalidating his mentally disordered offender confinement and obtaining release from Atascadero State Hospital was a habeas petition). However, before filing a habeas petition in this court, plaintiff must first exhaust his state remedies. See Preiser v. Rodriguez, 411 U.S. 475, 500 (1973). Plaintiff is advised that he cannot pursue damages claims in a section 1983 action unless and until he is

3

successful in invalidating his commitment in state proceedings or by federal habeas petition. Swinger, 2016 WL 4374941, at *2-*3.

To the extent plaintiff is seeking dismissal of the state criminal charges against him, plaintiff is advised that he may only seek habeas relief in this court regarding the criminal charges after the following have occurred: (1) he has been convicted of a crime; (2) he has raised his claims challenging that conviction or the resulting sentence in the state courts by way of a state court appeal or a state court habeas corpus petition; and (3) the California Supreme Court has denied those claims. See Picard v. Connor, 404 U.S. 270, 276 (1971); Middleton v. Cupp, 768 F.2d 1083, 1086 (9th Cir. 1985).

The second basis for dismissal of the complaint is that neither defendant may be sued in this section 1983 action. Judge Merrifield is not an appropriate defendant because "[j]udges are absolutely immune from civil liability for damages for their judicial acts." Mullis v. U.S. Bankr. Court for Dist. of Nevada, 828 F.2d 1es385, 1388 (9th Cir. 1987) (citing Bradley v. Fisher, 80 U.S. (13 Wall.) 335, 347 (1872); Pierson v. Ray, 386 U.S. 547(1967) (applying judicial immunity to § 1983 action). Therefore, plaintiff's claims against Judge Merrifield should be dismissed. Attorney Brennen is also not an appropriate defendant. When a public defender performs "a lawyer's traditional functions as counsel to a defendant in a criminal proceeding," the public defender "does not act under color of state law" under section 1983. Polk County v. Dodson, 454 U.S. 312, 325 (1981). Plaintiff's claims against attorney Brennen should be dismissed as well.

For the foregoing reasons, the Clerk of the Court IT IS HEREBY ORDERED to randomly assign a district judge to this case; and

IT IS RECOMMENDED that this case be dismissed for plaintiff's failure to state a claim upon which relief may be granted. See 28 U.S.C. § 1915A(b)(1) & (2).

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, plaintiff may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified

time may result in waiver of the right to appeal the district court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

Dated: November 15, 2019

_____
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:9
DB/prisoner-civil rights/burn2283.scrn fr